UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHARON J. MADRID,<br><br>Plaintiff,<br>v.<br><br>BANK OF AMERICA CORPORATION *doing business as* BAC Home Loan Servicing, LP, MERS, DOES 1 through 50, inclusive,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 3:11-cv-0077 AJB (WVG)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AS MOOT<br><br>(Doc.10 and Doc. 15) |

Pending is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 10), filed February 3, 2011, and Defendants' Motion to Dismiss the First Amended Complaint (Doc. No. 15), filed February 16, 2011.

**BACKGROUND**

On June 7, 2005, Plaintiff obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") and executed a promissory note in the amount of $1,555,000. (Am. Compl. Ex. C). As security for the note, Plaintiff signed a Deed of Trust that was recorded on June 23, 2005. (Am. Compl. Ex. B). The

Deed of Trust identifies Countrywide as the lender, ReconTrust Company, N.A. ("Recon") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for the lender. (*Id.*). Bank of America Corporation doing business as BAC Home Loan Servicing, LP ("BAC") purchased Countrywide. (Am. Compl. ¶ 8).

Plaintiff subsequently defaulted on the loan. (Am. Compl. Ex. D). Recon, acting as an agent for MERS, issued a Notice of Default beginning foreclosure proceedings against Plaintiff in September 2010. (*Id.*). Plaintiff received two letters from Recon, dated September 2, 2010, and September 23, 2010, verifying the indebtedness on the note and identifying Countrywide as the original creditor of the underlying debt. (Am. Compl. Ex. C).

On January 13, 2011, Plaintiff filed this action against BAC, MERS, and Does 1-50. Specifically, Plaintiff alleges that MERS served solely as the nominee for the lender and could not be the beneficiary of the Deed of Trust. (*Id.* at ¶¶ 9, 11). Plaintiff argues that MERS, while serving a limited capacity as nominee on the Deed of Trust, had no authority to transfer any beneficial interest in the Deed of Trust. (Am. Compl. ¶¶ 11, 12). Plaintiff contends that the current beneficiary of the note is unknown because there are "no recorded documents that transfer, convey, or assign any rights, title or interest as beneficiary holding legal title to a different present beneficiary." (*Id.* at ¶ 9). Thus, Plaintiff alleges that Recon lacks the authority necessary to institute foreclosure proceedings on Plaintiff's property. Based on these allegations, the First Amended Complaint contains the following five counts: Count One - Fraud and Fraud in the Inducement against BAC and MERS; Count Two - Declaratory Relief against BAC; Count Three - Negligence against BAC and MERS; Count Four - Negligent Misrepresentation against BAC and MERS; and Count Five - Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 against BAC.

**<u>LEGAL STANDARD FOR MOTION TO DISMISS</u>**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ.

P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 129 S.Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

For a Rule 12(b)(6) motion, a court generally cannot consider material outside the complaint. *See Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A court may, however, consider exhibits submitted with the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162 n. 2 (C.D.Cal. 2003). A court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

**ANALYSIS**

California Civil Code section 2924 provides the "comprehensive statutory framework established to govern nonjudicial foreclosure sales [and] is intended to be exhaustive." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994); *I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281 (1985). Under section 2924(a)(1), a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process. The Deed of Trust names Recon as the trustee and MERS as nominee for the lender and beneficiary. (Am. Compl. Ex. C at 2). While the Amended Complaint argues that MERS does not have the capacity to act as a beneficiary, Plaintiff has not provided the Court with any legal basis for this proposition. In fact, Plaintiff agreed to MERS' designation as nominee and beneficiary with the power to foreclose when she executed the Deed of Trust. That document clearly states that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property...." ( *Id.* at 3-4.). Thus, pursuant to the Deed of Trust, MERS had authority to assign its interest beneficial interest to another party. *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009); *Lane*, 713 F. Supp. 2d at 1099 ("MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party"). As discussed further below, Plaintiff's claims to the contrary are unsupported.

Count One alleges that BAC and MERS engaged in fraud by intentionally omitting the fact that "MERS had no authority to convey or transfer its beneficial interest to any party because it lacked the substantive rights and ... had no legal beneficial interest to begin with." (Am. Compl. ¶ 30). Plaintiff claims that "[t]hrough MERS's invalid transfer of the Deed of Trust to BAC, a scheme was borne [sic] wherein BAC, as the purported/beneficiary of the Note is now attempting to collect the debt and foreclose on the Subject Property as though it has legal authority to do so." (*Id.* at ¶ 28). As an initial matter, Plaintiff's allegations that BAC is foreclosing on the loan contradict the Notice of Default attached to the Amended Complaint. (Am. Compl. Ex. D). The Notice of Default clearly states that

Recon acting as an agent for MERS is foreclosing on Plaintiff's property. Both Recon as the trustee and MERS as the beneficiary under the Deed of Trust have authority to foreclose following Plaintiff's default by virtue of section 2924(a)(1). Additionally, Plaintiff has not pled her fraud claim with particularity as required under Fed. R. Civ. P. 9(b). While Plaintiff argues that Defendants fraudulently failed to inform her of MERS' capabilities, Plaintiff has not offered any support for her claim that MERS could not legally serve as beneficiary under the Deed of Trust or the specific nature of the alleged omissions by the Defendants. For these reasons, Count One is dismissed for failure to state a claim upon which relief may be granted.

Counts Three and Four are based upon allegations nearly identical to those in Count One and, thus, fail for the same reason. Count Three asserts a negligence claim against BAC and MERS. Plaintiff claims the Defendants breached their duty of care to Plaintiff by acting carelessly when filing, transferring, and assigning loan-related documents without regard to whether the documents reflected the truth and by wrongfully instituting the foreclosure sale.[1] (*Id.* at ¶¶ 46, 47, 50). Similarly, Count Four alleges that BAC and MERS made negligent misrepresentations and omissions "causing Plaintiff to believe any transfers, sales or assignments of the Note would be made in a legal manner consistent with prevailing state law." (*Id.* at ¶ 55). Counts Three and Four allege, in essence, that BAC and MERS negligently failed to inform Plaintiff that MERS could not legally serve as beneficiary on the Deed of Trust or make valid transfers of its interest under the Deed of Trust. Once again, Plaintiff has not offered any support for her claim that MERS could not legally serve as beneficiary. Pursuant to the Deed of Trust, Plaintiff authorized MERS to serve as nominee for the lender and as the beneficiary. Thus, Counts Three and Four are dismissed.

Count Two requests declaratory relief because the "scheduled foreclosure and sale [of Plaintiff's property] will be wrongful and should be enjoined by virtue of the facts alleged" in the Amended Complaint. (*Id.* at ¶ 44). Plaintiff specifies in her prayer for relief that she seeks a declaration that "trustee had no right to foreclose and conduct the trustee sale, and has no right to transfer title as a result

---

[1] It should be noted that Plaintiff provided no authority for the proposition that BAC or MERS owed a duty to Plaintiff in their capacities as lender, beneficiary, or servicer of the loan. Generally, absent special circumstances a loan transaction is at arms-length and no duties arise from the loan transaction outside of those in the agreement. *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009); *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006).

of that sale because no breach occurred by Plaintiff." (Am. Compl. Prayer ¶ 1). As discussed above, a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process. Inasmuch as Recon had authority to foreclose as both either the trustee or as the beneficiary's agent under section 2924(a)(1), Count Two is dismissed.

Count Five alleges that BAC violated the FDCPA "in that it should have informed Plaintiff that it was the legal owner or had authority from the legal owner to collect and pursue payment on the debt tied to the Note secured to the Deed of Trust." (*Id.* at ¶ 60). The FDCPA prohibits certain unfair and oppressive methods of collecting debt. 15 U.S.C. § 1692e. In order to be liable under the FDCPA, BAC must fall under its definition of "debt collector." 15 U.S.C. § 1692a(6). A "debt collector" under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* However, it was Recon "acting as an agent for the Beneficiary" MERS that filed the Notice of Default under the Deed of Trust.[2] (Am. Compl. Ex. D at 2). Nothing in the Amended Complaint suggests that BAC had any communication with Plaintiff in an attempt to collect on the mortgage debt. Accordingly, Count Five is dismissed for failure to state a claim upon which relief may be granted.

As Plaintiff may wish to amend her Complaint, the Court also notes that Count Five fails to identify the specific sections of the FDCPA that BAC allegedly violated. It is not the role of the Court to construct Plaintiff's claims based upon the general nature of her pleadings. In order to survive a motion to dismiss, Count Five needs to provided more direction as to the nature of Plaintiff's FDCPA claim.

---

[2] Plaintiff expresses concern throughout her Amended Complaint that "it is unclear how [Recon] has been given authority to collect payments, or foreclose on the Subject Property" and that Recon failed to provide any "evidence or clarification as to who the current beneficiary/real party in interest is." (Am. Compl. ¶¶ 25, 21). However, the Notice of Default clearly provides that Recon was acting on behalf of MERS. Section 2924 authorizes Recon to initiate foreclosure proceedings while serving in its capacity as either the named trustee or as agent for the named beneficiary under the Deed of Trust. Cal. Civ. Code § 2924(a)(1). As to the Plaintiff's suggestion that Recon had some sort of obligation to disclose the current beneficiary of the loan, Plaintiff has provided no authority to support this proposition and the Deed of Trust contains "no suggestion that the lender or its successors and assigns must provide [Plaintiff] with assurances that MERS is authorized to proceed with a foreclosure at the time it is initiated." *See Gomes*, 192 Cal. App. 4th at 1157.

Having dismissed each of Plaintiff's claims for the reasons set forth above, the Court need not address Defendants' remaining arguments in favor of dismissal, though Plaintiff may wish to consider them when contemplating an amended complaint.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss the First Amended Complaint is GRANTED without prejudice. Plaintiff may file an amended complaint consistent with this Order within twenty (20) calendar days from the date of this Order. If Plaintiff chooses to amend the complaint, no additional parties or causes of action shall be included without first filing a motion for leave to amend.

Inasmuch as the Court granted Defendants' Motion to Dismiss the First Amended Complaint, it is further ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED as moot.

DATED: April 26, 2011

Hon. Anthony J. Battaglia
U.S. District Judge