UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON J. MADRID, | Case No.: 3:11-cv-0077 AJB (WVG) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |
| v. | |
| BANK OF AMERICA CORPORATION *doing business as* BAC Home Loan Servicing, LP, MERS, DOES 1 through 50, inclusive, | |
| Defendants. | |

On April 26, the Court dismissed Plaintiff's First Amended Complaint (Doc. No. 9) without prejudice and granted Plaintiff leave to file a second amended complaint. (Doc. No. 27.) Plaintiff filed her Second Amended Complaint ("SAC") on May 16, 2011. (Doc. No. 28.) Pending is Defendants' Motion to Dismiss the SAC, filed June 3, 2011. (Doc. No. 34.)

**FACTUAL BACKGROUND**

On June 7, 2005, Plaintiff obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") and executed a promissory note in the amount of $1,555,000. (SAC Ex. C). As security for the note,

Plaintiff signed a Deed of Trust that was recorded on June 23, 2005. (SAC Ex. B). The Deed of Trust identifies Countrywide as the lender, ReconTrust Company, N.A. ("Recon") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for the lender. (*Id.*). Bank of America Corporation doing business as BAC Home Loan Servicing, LP ("BAC") purchased Countrywide. (SAC ¶ 7).

Plaintiff subsequently defaulted on the loan. (SAC Ex. D). Recon, acting as an agent for MERS, issued a Notice of Default beginning foreclosure proceedings against Plaintiff in September 2010. (*Id.*). Plaintiff received two letters from Recon, dated September 2, 2010, and September 23, 2010, verifying the indebtedness on the note and identifying Countrywide as the original creditor of the underlying debt. (SAC ¶ 21; SAC Ex. C).

On January 13, 2011, Plaintiff filed this action against BAC, MERS, and Does 1-50. Specifically, Plaintiff alleges that MERS served solely as the nominee for the lender and could not be the beneficiary of the Deed of Trust. (SAC ¶¶ 9, 11). Plaintiff argues that MERS, while serving a limited capacity as nominee on the Deed of Trust, had no authority to transfer any beneficial interest in the Deed of Trust. (*Id.* at ¶¶ 11, 12). Plaintiff contends that the current beneficiary of the note is unknown because there are "no recorded documents that transfer, convey, or assign any rights, title or interest as beneficiary holding legal title to a different present beneficiary." (*Id.* at ¶ 9). Thus, Plaintiff alleges that Recon lacks the authority necessary to institute foreclosure proceedings on Plaintiff's property.

Based on these allegations, the SAC contains the following four counts: Count One - Fraud and Fraud in the Inducement against BAC and MERS; Count Two - Declaratory Relief against BAC; Count Three - Negligent Misrepresentation against BAC and MERS; and Count Four - Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 against BAC.

## LEGAL STANDARD FOR MOTION TO DISMISS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ.

P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 129 S.Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

For a Rule 12(b)(6) motion, a court generally cannot consider material outside the complaint. *See Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A court may, however, consider exhibits submitted with the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp.2d 1158, 1162 n. 2 (C.D. Cal. 2003). A court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## ANALYSIS

There are two primary differences between the SAC and the previously dismissed FAC. First, the SAC does not include the negligence claim found in Count Three of the FAC. Second, the SAC contains four new paragraphs, ¶¶ 8, 9, 11, and 12, in which Plaintiff alleges that there is no recorded document conveying any beneficial interest in the Deed of Trust to BAC from Countrywide and thus BAC cannot foreclose on the Deed of Trust through Recon. Beyond these two changes, the SAC does not differ significantly from the FAC and the allegations in the four remaining causes of action remain the same.

As explained in the Court's prior order, California Civil Code section 2924 provides the "comprehensive statutory framework established to govern nonjudicial foreclosure sales [and] is intended to be exhaustive." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994); *I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281 (1985). Under section 2924(a)(1), a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process. The Deed of Trust names Recon as the trustee and MERS as nominee for the lender and beneficiary. (SAC. Ex. C at 2). Pursuant to section 2924(a)(1), both Recon and MERS have the ability to initiate the foreclosure process. Plaintiff's additions to the SAC relate to the propriety of BAC foreclosing on the property; however, the Notice of Default clearly states that Recon acting as an agent for MERS is foreclosing on Plaintiff's property. (SAC Ex. D.) Plaintiff has not added any allegations to the SAC explaining why Recon acting as an agent for MERS should be prohibited from foreclosing upon the property.

Similarly, Plaintiff has yet to provide the Court with any legal basis for the proposition that MERS does not have the capacity to act as a beneficiary of the Deed of Trust. The SAC continues to base its claims on MERS' alleged inability to serve as a beneficiary despite the Court dispelling this theory with regard to the FAC. As previously noted, Plaintiff agreed to MERS' designation as nominee and beneficiary with the power to foreclose when she executed the Deed of Trust. That document clearly states that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those

interests, including, but not limited to, the right to foreclose and sell the Property...." (*Id.* at 3-4.). Thus, pursuant to the Deed of Trust, MERS had authority to assign its beneficial interest to another party. *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009); *Lane*, 713 F. Supp. 2d at 1099 ("MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party"). As discussed further below, Plaintiff's claims to the contrary are unsupported.

Inasmuch as the four causes of action in Plaintiff's SAC are those set forth in the FAC, the analysis set forth in the Court's previous order dismissing the FAC remains applicable. Accordingly, the following analysis is taken largely from the Court's previous opinion. (Doc. No. 27.)

Count One alleges that BAC and MERS engaged in fraud by intentionally omitting the fact that "MERS had no authority to convey or transfer its beneficial interest to any party because it lacked the substantive rights and ... had no legal beneficial interest to begin with." (SAC ¶ 30). Plaintiff claims that "[t]hrough MERS's invalid transfer of the Deed of Trust to BAC, a scheme was borne [sic] wherein BAC, as the purported/beneficiary of the Note is now attempting to collect the debt and foreclose on the Subject Property as though it has legal authority to do so." (*Id.* at ¶ 28). As an initial matter, Plaintiff's allegations that BAC is foreclosing on the loan contradict the Notice of Default attached to the Amended Complaint. (SAC Ex. D). The Notice of Default clearly states that Recon acting as an agent for MERS is foreclosing on Plaintiff's property. Both Recon as the trustee and MERS as the beneficiary under the Deed of Trust have authority to foreclose following Plaintiff's default by virtue of section 2924(a)(1). Additionally, Plaintiff has not pled her fraud claim with particularity as required under Fed. R. Civ. P. 9(b). While Plaintiff argues that Defendants fraudulently failed to inform her of MERS' capabilities, Plaintiff has not offered any support for her claim that MERS could not legally serve as beneficiary under the Deed of Trust or the specific nature of the alleged omissions by the Defendants. For these reasons, Count One is dismissed for failure to state a claim upon which relief may be granted.

Count Three is based upon allegations nearly identical to those in Count One and, thus, fail for the same reason. Count Three alleges that BAC and MERS made negligent misrepresentations and omissions "causing Plaintiff to believe any transfers, sales or assignments of the Note would be made in a legal manner consistent with prevailing state law." (*Id.* at ¶ 47). Count Three alleges, in essence, that

BAC and MERS negligently failed to inform Plaintiff that MERS could not legally serve as beneficiary on the Deed of Trust or make valid transfers of its interest under the Deed of Trust. Once again, Plaintiff has not offered any support for her claim that MERS could not legally serve as beneficiary. Pursuant to the Deed of Trust, Plaintiff authorized MERS to serve as nominee for the lender and as the beneficiary. Thus, Count Three is dismissed.

Count Two requests declaratory relief because the "scheduled foreclosure and sale [of Plaintiff's property] will be wrongful and should be enjoined by virtue of the facts alleged" in the SAC. (*Id.* at ¶ 44). Plaintiff specifies in her prayer for relief that she seeks a declaration that "trustee had no right to foreclose and conduct the trustee sale, and has no right to transfer title as a result of that sale because no breach occurred by Plaintiff." (SAC Prayer ¶ 1). As discussed above, a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process. Inasmuch as Recon had authority to foreclose as both either the trustee or as the beneficiary's agent under section 2924(a)(1), Count Two is dismissed.

Count Four alleges that BAC violated the FDCPA "in that it should have informed Plaintiff that it was the legal owner or had authority from the legal owner to collect and pursue payment on the debt tied to the Note secured to the Deed of Trust." (*Id.* at ¶ 51). The FDCPA prohibits certain unfair and oppressive methods of collecting debt. 15 U.S.C. § 1692e. In order to be liable under the FDCPA, BAC must fall under its definition of "debt collector." 15 U.S.C. § 1692a(6). A "debt collector" under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* However, it was Recon "acting as an agent for the Beneficiary" MERS that filed the Notice of Default under the Deed of Trust. (SAC Ex. D at 2). Nothing in the SAC suggests that BAC had any communication with Plaintiff in an attempt to collect on the mortgage debt. Accordingly, Count Four is dismissed for failure to state a claim upon which relief may be granted.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss the SAC is GRANTED.  Plaintiff was previously granted the opportunity to amend her complaint in order to remedy the deficiencies noted by the Court in its previous order.  Despite the changes made by Plaintiff, the SAC's allegations are insufficient under Rule 12(b)(6).  Accordingly, it is ORDERED that Plaintiff's claims be, and they hereby are, DISMISSED WITH PREJUDICE, as any further amendment is futile at this point.

DATED:  July 13, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge