UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON J. MADRID,<br><br>              Plaintiff,<br>v.<br><br>BANK OF AMERICA CORPORATION *doing business as* BAC Home Loan Servicing, LP, MERS, DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.: 3:11-cv-0077 AJB (WVG)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

On July 13, 2011, the Court granted Defendants' Motion to Dismiss and ordered that Plaintiff's Second Amended Complaint be dismissed with prejudice. (Doc. No. 37.) On July 22, 2011, Plaintiff filed a motion for reconsideration of the Court's previous order. (Doc. No. 39.) The Court finds this motion suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. Accordingly, no appearances are required and the motion will be deemed submitted as of this date. As such, the hearing set for September 2, 2011, is vacated.

**LEGAL STANDARD**

Under Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. While Rule 59(e) permits a

district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll*, 342 F.3d at 945 (quoting *Kona*, 229 F.3d at 890 (citations omitted)). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*

In the Southern District of California, motions for reconsideration are also governed by Civil Local Rule 7.1(i). The rule requires that for any motion for reconsideration,

> it shall be the continuing duty of each party and attorney seeking such relief to present to the judge ... an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

Civ. L.R. 7.1(i)(1).

**ANALYSIS**

In Plaintiff's Notice of her Motion for Reconsideration, Plaintiff contends that reconsideration is appropriate as the Court "misinterpreted the some essential facts in the second amended complaint as set forth in Plaintiff's opposition papers, that if reconsidered would change the court's opinion and ruling on the attendant law because the court failed to consider arguments made in Plaintiff's memorandum of points and authority in opposition to Defendant's Motion to Dismiss." (Pl.'s Notice of Motion 2 (Doc. No. 39-1)). Plaintiff does not allege that there is newly discovered evidence or an intervening change in the controlling law. Plaintiff's motion simply reiterates arguments already submitted and rejected in Plaintiff's Response to Defendants' Motion to Dismiss. Mere disagreement with a court's analysis in a previous order is

1 | not a sufficient basis for reconsideration. Nor does reassertion of arguments already extended
2 | and rejected provide an appropriate justification for reconsidering the Court's Order.
3 |     Insofar as the Court, in issuing its previous Order, already carefully considered and
4 | analyzed the very arguments Plaintiff again raises, the Court finds it unnecessary to readdress
5 | them. The Court is not persuaded by Plaintiff's contention that the Court committed manifest
6 | error of law in permitting Plaintiffs to supplement the record. Indeed, Defendant not only relies
7 | on the same arguments, but on the same cases cited in its Opposition to the Supplement Motion.
8 | Defendant has not presented any authority to demonstrate that the Court was in error. The Court
9 | accordingly finds that reconsideration based on clear error of law is not warranted.
10 |     Additionally, Plaintiff's motion fails to comply with Civil Local Rule 7.1(i). Neither
11 | Plaintiff nor Plaintiff's attorney have provided the necessary "affidavit of a party or witness or
12 | certified statement of an attorney setting forth the material facts and circumstances surrounding
13 | each prior application, including inter alia: (1) when and to what judge the application was made,
14 | (2) what ruling or decision or order was made thereon, and (3) what new or different facts and
15 | circumstances are claimed to exist which did not exist, or were not shown, upon such prior
16 | application."
17 |     For the reasons set forth above, it is ORDERED that Plaintiff's Motion for Reconsidera-
18 | tion be, and it hereby is, DENIED.
19 |     IT IS SO ORDERED.
20 |
21 | DATED:  August 23, 2011
22 |
23 |                                          Hon. Anthony J. Battaglia
                                         U.S. District Judge